**Cecile E. VICKERS, Individually and as Executrix of the Estate of Charles E. Vickers, Jr., Plaintiff,**

v.

**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civil Action No. 94–40094–NMG.**

United States District Court, D. Massachusetts.

Jan. 15, 1998.

**20**

John A. Mavricos, christopher, Hays, Wojcik & Mavricos, Worcester, MA, for Plaintiff.

Joan O. Vorster, Joseph M. Hamilton, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, Cecile E. Vickers, widow of Charles E. Vickers, brought this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), to recover accidental death benefits under a life insurance policy issued to her husband by the defendant, Principal Mutual Life Insurance Company ("Principal Mutual"). On December 8, 1997, this Court entered a Memorandum of Decision concluding that she is entitled to judgment in the amount of $56,000. Pending before this Court is the plaintiff's motion for an award of prejudgment interest from and after November 30, 1992, plus reasonable attorneys' fees of $23,345.[1]

### A. *Prejudgment Interest*

In an ERISA case, the court may award the prevailing party prejudgment interest in its discretion. *See Cottrill v. Sparrow, Johnson & Ursillo, Inc.,* 100 F.3d 220, 223 (1st Cir.1996).

> This judicial discretion encompasses not only the overarching question—whether to award prejudgment interest at all—but also subsidiary questions ... such as the period and the rate to be used in calculating interest.

1. The plaintiff also requests an award of "costs". Because a "Bill of Costs" is a matter ordinarily administered by the Deputy Clerk of this Court, that request will not be addressed in this memorandum.

*Id.* at 223. In an ERISA case, prejudgment interest on a plan participant's claim ordinarily accrues on the date when that participant is denied benefits. *Id.*

In the present case, the parties dispute the accrual date of the claim and, therefore, the period of prejudgment interest due to the plaintiff. The plaintiff argues her claim was denied on November 30, 1992, when she was informed by a Principal Mutual representative over the telephone that:

> I do not beleve [sic] there is going to be any AD & D payable because [Mr. Vickers] died of a heart attack which caused the accident. I told her because of the medicla [sic] reason we did not consider this to be accidental.

Trial Ex. 1 at 8. Principal Mutual contends that it did not deny the plaintiff's claim until January 19, 1994, when its claim examiner sent a notice to the plaintiff's attorney informing him of the company's conclusion that a heart attack caused Mr. Vickers' accident and that the plaintiff's claim for accidental death benefits would, therefore, be denied. *See* Trial Ex. 1 at 18.

In determining the period of prejudgment interest to be applied in this case, this Court is mindful of the two purposes of such an award. Prejudgment interest is an element of complete compensation that 1) makes up for the "loss of use of money from the time the claim accrues until judgment is entered" and 2) prevents the unjust enrichment of the party that withheld payment. *West Virginia v. United States*, 479 U.S. 305, 310 & n. 2, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987); *Cottrill*, 100 F.3d at 224.

The trial record in this case indicates that the plaintiff received some life insurance benefits from Principal Mutual in late November, 1992. Trial Ex. 1 at 83–85. Had she not then been denied accidental death benefits, presumably she would have received those benefits at that time. Indeed, subsequent to the telephone communication on November 30, 1992, the plaintiff hired an attorney who began communicating with Principal Mutual about her claim shortly thereafter. Trial Ex. 1 at 75–76.

Although Principal Mutual continued to investigate after having informed the plaintiff she would not receive payment, the insurance company would be unjustly enriched if the period of prejudgment interest were delayed for as long as the company continued to gather evidence in support of its decision to deny benefits. Because the plaintiff was denied the use of benefits in the amount of $56,000 to which she was entitled for a period beginning on November 30, 1992, this Court will award prejudgment interest for that period.

While ERISA contains no rate provision for prejudgment interest, the parties agree and this Court concludes that the federal rate of interest should be the basis for calculating the prejudgment interest owed to the plaintiff in this case. *See Cottrill*, 100 F.3d at 225 (noting that applying the federal rate promotes uniformity in ERISA cases).

### B. *Attorneys' Fees*

Under ERISA, this Court "in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). In deciding whether to award attorneys' fees, courts consider the following five factors:

> 1) the degree of bad faith or culpability of the losing party;
>
> 2) the ability of such party to personally satisfy an award of fees;
>
> 3) whether such award would deter other persons acting in similar circumstances;
>
> 4) the amount of benefit to the action as conferred on the members of the plan; and
>
> 5) the relative merits of the parties' positions.

*Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 257–58 (1st. Cir.1986) (noting that a) the factors are guidelines, b) not every factor must be considered in each case and c) no one of them is dispositive). Aside from the "built-in bias" in favor of prevailing plaintiffs implicit in the factors themselves, "a prevailing plaintiff does not, merely by prevailing, create a presumption that he or she is entitled to a fee-shifting award." *Cottrill*, 100 F.3d 220.

22

### 1) *Bad Faith or Culpability*

In the present case, the plaintiff's entitlement to accidental death benefits·was a close question turning on two plausible interpretations of the insurance policy and contradictory expert opinions about the cause of her husband's death. There is no evidence that the defendant denied those benefits in bad faith or was otherwise unusually culpable.

### 2) *Ability to Pay*

Although Principal Mutual is presumably able to pay attorneys' fees, that factor is relatively insignificant in this case. As the First Circuit Court of Appeals stated in *Cottrill*, "the capacity to pay, by itself, does not justify an award." *Id.* at 227.

### 3) *Deterrence*

In the particular circumstances of this close case, a fee award to the plaintiff will not have the desirable effect of deterring the improper denial of insurance benefits in future cases. As stated above, the insurance company had a legitimate, if ultimately erroneous, basis for denying the claim, and an award of attorneys' fees here would likely result only in the over-deterrence of justified denials in the future.

### 4) *Common Benefit*

The benefit of this action to other plan members cuts both in favor of and against a fee award. On the one hand, resolution of the primary legal dispute in this case, namely whether an accident caused by an underlying physical condition is excluded from coverage by the accidental benefits provision, may benefit other participants in the life insurance plan. On the other hand, the central factual dispute, namely whether a heart attack caused Mr. Vickers' death, is limited to this case so that other participants will not profit from its resolution in favor of the plaintiff. *See id.* at 227 (finding that, in a fact-dependent situation, the "lack of other similarly situated participants militates against a fee award").

### 5) *The Merits of the Parties' Positions*

As stated above, this case presented close questions of law and fact. Absent a substantial disparity in the merits of the parties' positions, a fee award is unwarranted.

### *Conclusion*

Based upon the foregoing consideration of the five relevant factors, this Court concludes that an award of attorney's fees in this case is inappropriate and will deny the plaintiff's motion therefor.

### ORDER

For the foregoing reasons:

1) the plaintiff's motion for an award of pre-judgment interest from and after November 30, 1992, to be calculated in accordance with the applicable federal interest rate, (contained within Docket No. 51) is **ALLOWED** and

2) the plaintiff's motion for attorneys' fees (contained within Docket No. 51) is **DENIED.**

So ordered.